UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  9:14-CV-80900-ROSENBERG/BRANNON

CREATIVE AMERICAN EDUCATION, LLC,
a Colorado Limited Liability Company,

  Plaintiff,

v.

THE LEARNING EXPERIENCE SYSTEMS,
LLC, a Delaware Limited Liability Company,
ANTHONY KORDA, an individual & KORDA,
ZITT & ASSOCIATES,

  Defendants.
_____/

THE LEARNING EXPERIENCE SYSTEMS, LLC,
a Delaware Limited Liability Company and
TLE AT PARKER, LLC, a Delaware Limited Liability
Company, & TLE AT AURORA, LLC, a Delaware
Limited Liability Company,

  Counter-plaintiffs,

v.

CREATIVE AMERICAN EDUCATION, LLC, a
Colorado Limited Liability Company,
BERNARD LOGANATHAN, an individual, &
KATIJAH BEEVE SHAIK ALUDEEN-
LOGANATHAN a/k/a KATIJAH SHAIK ALUDEEN,
an individual,

  Counter-defendants,
_____/

BERNARD LOGANATHAN, an individual, &
KATIJAH BEEVE BINTE SHAIK ALAUDEEN,
an individual,

  Counterclaim plaintiffs,

v.

THE LEARNING EXPERIENCE SYSTEMS, LLC,
a Delaware Limited Liability Company, ANTHONY
KORDA D/B/A KORDA, ZITT & ASSOCIATES, &
THE LAW OFFICES OF ANTHONY KORDA, LLC,
D/B/A KORDA, ZITT & ASSOCIATES, a Florida
Limited Liability Company,

  Counterclaim defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY
JUDGMENT FOR REGISTRATION PURSUANT TO 28 U.S.C. § 1963**

This matter is before the Court on Defendant's (The Learning Experience Systems, LLC) Motion to Certify Judgment [DE 257]. The Motion has been fully briefed. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, the Motion is granted.

Defendant requests that the Court certify the judgment in this case to three jurisdictions: Colorado, California, and Texas. Defendant's request is premised under 28 U.S.C. § 1963, which reads as follows:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A plain reading of § 1963 indicates that, upon a showing of good cause, the Court may certify a judgment for registration in another district. Plaintiff essentially argues against the plain reading of the statute on two fronts. First, Plaintiff argues that the Court may not grant any relief for good cause under § 1963 because a case decided by the Eleventh Circuit, *Urban Industries v. Thevis*, precludes any such relief at this time. 670 F.2d 981, 985 (11th Cir. 1982). Second, Plaintiff cites to district court decisions that hold that registration under § 1963 is premature until the time to file an appeal has lapsed. The Court addresses each point in turn.

2

Counsel represents to the Court that *Urban Industries* precludes relief under the § 1963 good cause exception because that case held "that the registration of a judgment in a different district prior to finality is invalid." DE 262 at 4. Counsel further represents that "*Urban Industries* has never been explicitly overturned." *Id.* Neither point has any relevance. *Urban Industries* was decided prior to the amendment of § 1963 which added the good cause exception. *See Branch Banking & Trust Co. v. Maxwell*, No. 10-cv-2464, 2012 WL 3069197 (M.D. Fla. July 26, 2012) ("*Urban Industries* addresses an old version of section 1963 that lacks the 'good cause' clause added to the statute in 1988."). The appellate court in *Urban Industries* therefore had no opportunity to address the good cause exception in § 1963. This is obvious from both the text of the *Urban Industries* decision and other cases that have considered § 1963 since the statute was amended—which counsel cited in a footnote in his Response. *See id.* As an officer of the Court, it was incumbent upon counsel to at least acknowledge that *Urban Industries* does not speak to the good cause exception. *See* R. Regulating Fla. Bar. 4-3.3 ("A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities.") (commentary on misleading legal argument).

With respect to Plaintiff's argument that relief under § 1963 is premature before the time to file an appeal has lapsed, Plaintiff's position is essentially premised upon two cases: *Educational Employees Credit Union v. Mutual Guaranty Corp.*[1] and *Generica Ltd. v. Pharmaceutical Basics, Inc.*[2] Neither case is persuasive. *Educational Employees* was decided in light of the fact that "[c]aselaw [was] extremely scant on the issue of the 'good cause' exception." *Educational Employees*, 154 F.R.D. at 235. In *Generica*, "no judgment had been entered" and, to the extent the

---

[1] 154 F.R.D. 233 (E.D. Mo. 1994).
[2] No. 95 C 5395, 1996 WL 535321 (N.D. Ill. Sept. 18, 1996).

3

trial court declined to certify the judgment on other grounds, the trial court provided minimal discussion for this Court to review. *Generica*, 1996 WL 535321 at *10. Juxtaposed to these two cases, which are approximately twenty years old, is a legion of recent cases that stand for the proposition that a judgment may be registered in another jurisdiction under § 1963 prior to the expiration of time for an appeal. *See, e.g.*, *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, No. 3:09cv058, 2012 WL 1203327, at *3 (E.D. Va. Apr. 10, 2012) ("Having considered the statute, its legislative history, and the applicable decisional law, the Court holds that there is no requirement that an appeal be pending in order for the Court to authorize registration of a judgment under § 1963."); *Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) ("The statute itself contains no such limitation [during the pendency of an appeal] . . . [and its] plain meaning is that a judgment may be registered when it has become final or, at any other time, for good cause shown."); *Great Am. Ins. Co. v. Stephens*, No. 04-3642, 2006 WL 2349991, at *2 (E.D. Pa. Aug. 11, 2006) ("Section 1963 does not prevent a district court from ordering registration in other districts before either an appeal has been filed or the time for filing an appeal has expired."); *Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc.*, No. 98-4789, 2000 WL 1201372, at *1-2 (E.D. Pa. Aug. 4, 2000) ("[N]o appeal has been filed and the time for filing such an appeal has not expired . . . . Since the language of § 1963 does not limit the court's power to order registration in other districts to the time during which an appeal is pending . . . , we will issue such an order upon a showing of 'good cause.'").

The only issue that remains is whether Defendant has shown good cause. As an initial matter, Plaintiff failed to file a response to Defendant's Motion, which prompted the Court to issue an order to show cause. Although Plaintiff did respond to the Court's order to show cause,

4

Plaintiff's response does not address the merits of Defendant's argument, instead relying upon procedural objections. The Court therefore concludes that Plaintiff has defaulted on this issue (with respect to the merits) and has conceded the issue of good cause by virtue of Local Rule 7.1(c) which states that a failure to respond to a motion "may be deemed sufficient cause for granting the motion by default."

In the alternative, the Court examines the merits of Defendant's Motion with respect to whether Defendant has shown good cause. The prevailing standard for establishing good cause under § 1963 is "an assets test, essentially the absence of sufficient assets in the rendering jurisdiction to satisfy the judgment and the presence of substantial assets elsewhere." *Branch Banking*, 2012 WL 3069197 at *1; *see also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197-98 (9th Cir. 2001) (applying an assets test to a good cause analysis under § 1963). Here, Defendant has provided evidence that Plaintiff has no assets in the state of Florida, but does have substantial assets in Colorado, California, and Texas. This alone is sufficient to grant the Motion, however, the Court also notes that Defendant has provided evidence that real property in Texas owned by Plaintiff is currently under contract for sale. Plaintiff has provided no argument or evidence in response. The Court therefore concludes that Defendant has shown good cause for the judgment in this case to be registered in Colorado, California, and Texas.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Certify Judgment [DE 257] is **GRANTED**. The final judgment entered by this Court on August 4, 2015 is

hereby certified for registration in Colorado, California, and Texas pursuant to 28 U.S.C. § 1963.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 1st day of September, 2015.

                                                                  ROBIN L. ROSENBERG
                                                                  UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record